UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DUSTIN EDWIN CHRISTENSEN, | ) | CASE NO. ED CV 12-00576 DMG (RZ) |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| G.D. LEWIS, Warden, | ) | |
| Respondent. | ) | |

      The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

      In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on April 16, 2012. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) In August 2000, a Riverside County Superior Court jury convicted Petitioner of residential burglary and other crimes. Based in part on his prior felony convictions, he was sentenced to prison for 26 years. Pet. ¶ 2.

(b) On November 16, 2001, the California Court of Appeal stayed one of several parts of Petitioner's sentence but otherwise affirmed. Petitioner did not seek further direct review in the California Supreme Court.

(c) Petitioner's conviction became final on February 15, 2002, after the United States Supreme Court's 90-day period for seeking *certiorari* expired.

(d) Nine and a half years passed. Late in 2011, Petitioner began a series of three state-court habeas petitions, asserting that his sentence was improperly enhanced as discussed in *Cunningham v. California*, 549 U.S. 270, 293-94, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). The California Supreme Court rejected his final such petition in March 2012.

Petitioner's sole claim, based on *Cunningham*, is that he received an upper-term sentence based on findings made by a judge rather than by a jury beyond reasonable doubt. He presumably believes that *Cunningham* announced a "newly recognized constitutional right" justifying a new one-year AEDPA limitations period starting on January 22, 2007, the date of that decision. *See* 28 U.S.C. § 2244(d)(1)(C). But the Ninth Circuit held in *Butler v. Curry* that *Cunningham* did not announce such a "new rule." 528 F.3d 624 (9th Cir. 2008). The cases which *Cunningham* followed, namely *Apprendi v. New Jersey* and *Blakely v. Washington*, were decided in 2000 and 2004, respectively. *See generally Apprendi,* 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a

crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); *Blakely*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (holding that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.")

Besides, Petitioner would be tardy even if *Cunningham had* announced a new constitutional rule. *Cunningham* was decided in January 2007, yet Petitioner did not file his first state-court habeas petition until late in 2011, over four and a half years thereafter.

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. No basis for equitable tolling appears from the face of the petition.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED:   April 23, 2012

                                             RALPH ZAREFSKY
                                UNITED STATES MAGISTRATE JUDGE